# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# WESTERN DIVISION

| | |
|---|---|
| SAMUEL ALLEN MAESTAS-KAUFMAN, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> SHERIFF KEITH HANNAH, et al., ) <br> ) <br> Defendants. ) | Case No. 7:14-cv-02258-AKK-SGC |

## ORDER

On May 27, 2016, the magistrate judge recommended the following claims be dismissed without prejudice pursuant to 28 U.S.C. § 1915A(b)(1)–(2) because they fail to state a claim upon which relief may be granted and/or they seek monetary relief from a defendant who is immune from such relief: (1) the claims against the defendants in their official capacities for monetary relief; (2) the supervisory liability claims against Sheriff Keith Hannah; (3) the claims against Officer Christopher Poole; (4) the Fourteenth Amendment excessive force and conditions of confinement claims against Chief Jason Donner, Officer Tony Wyatt, Officer Mindy Goodwin, and Kitchen Manager Mrs. Patsy based on his placement in a suicide cell in September 2013; and (5) the plaintiff's claims against Officer Patrick Poole for threats and verbal harassment. Doc. 22 at 19. The magistrate judge further recommended the following claims be referred to the magistrate

judge for further proceedings: (1) the Fourteenth Amendment excessive force claim against Officer Patrick Poole; (2) the Fourteenth Amendment excessive force claim against Officer Alexander Robinson; (3) the Fourteenth Amendment medical claims against Chief Arthur Harris and Officer Mindy Goodwin; and (4) the Fourteenth Amendment medical claim against Officer Catherine Crocker. *Id.* at 19–20. On July 29, 2016, the plaintiff filed objections to the report and recommendation. Doc. 29. Within his objections, the plaintiff also requested a stay of fourteen (14) days to file a second amended complaint. *Id*. at 2. The plaintiff's request for a stay of fourteen (14) days is **MOOT**. To date, the plaintiff has not moved for leave to file a second amended complaint.

The plaintiff does not object to the dismissal of his claims against Sheriff Keith Hannah or Officer Christopher Poole. Doc. 29 at 3. Instead, he clarifies that he seeks to bring his claims against the remaining defendants in both their official and individual capacities. *Id*. As stated in the magistrate judge's report and recommendation, the plaintiff's claims against the defendants in their official capacities for monetary relief are barred by the Eleventh Amendment. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100-01 (1984); *Parker v. Williams*, 862 F.2d 1471, 1475-76 (11th Cir. 1989), *overruled on other grounds by Turquitt v. Jefferson County, Ala.*, 137 F.3d 1285 (11th Cir. 1998); *Carr v. City of Florence, Ala.*, 916 F.2d 1521, 1527 (11th Cir. 1990). Moreover, the plaintiff cannot pursue

injunctive relief from the defendants in their official capacities because he is no longer an inmate at the Bibb County Jail. *Smith v. Allen*, 502 F.3d 1255, 1267 (11th Cir. 2007), *abrogated on other grounds by Sossamon v. Texas*, 563 U.S. 277 (2011). Therefore, the magistrate judge appropriately analyzed the remainder of the plaintiff's claims against the defendants in their individual capacities.

Next, the plaintiff attempts to set forth new allegations in support of his claims against some of the defendants. Doc. 29 at 3–7. The plaintiff alleges "someone" at the Bibb County Jail confiscated his legal mail and documents during his transfer to ADOC and, therefore, he was not able to submit "specific details" in his amended complaint about the events made the basis of this action. *Id*. at 3. The plaintiff now sets forth pages of new allegations in his objections which is his "best recollection by memory." *Id*. The court will not entertain new allegations raised in the plaintiff's objections because the magistrate judge expressly informed the plaintiff that his "[o]bjections should not contain new allegations, present additional evidence, or repeat legal arguments." Doc. 22 at 20.

To the extent the plaintiff's objections can be construed as a motion to amend the complaint, it is due to be denied. Motions to amend are addressed to the sound discretion of the trial judge. *See, e.g., Gramegna v. Johnson*, 846 F.2d 675, 678 (11th Cir. 1988); *Espey v. Wainwright*, 734 F.2d 748, 750 (11th Cir. 1984). While "[t]he court should freely give leave when justice so requires," Fed. R. Civ.

3

P. 15(a), it is clear that "a motion to amend may be denied on numerous grounds, such as undue delay, undue prejudice to the defendants, and futility of the amendment," *Carruthers v. BSA Advertising, Inc.*, 357 F.3d 1213, 1218 (11th Cir. 2004) (citation and internal quotation marks omitted). Moreover,

> courts may consider such factors as the amount of time and opportunities the movant has had to seek leave to amend, whether the proposed amendment is such that [it] could have been added shortly after the complaint was filed, whether allowance of the proposed amendment would . . . [require] additional discovery, whether the movant has attempted to justify any delay, and whether the impetus behind the filing of the motion was the prior filing of a motion for summary judgment after full discovery.

*O'Brien v. Union Oil Co.of Cal.*, 699 F. Supp. 1562, 1571 (N.D. Ga. 1988).

The amendment would be improper here because of undue delay. Specifically, the plaintiff claims a member of the jail staff confiscated his legal documents when he was transferred, thereby preventing him from submitting "specific details" about his claims in his amended complaint. Doc. 29 at 3. However, the plaintiff fails to explain why he could not have amended his complaint to set forth these allegations prior to his transfer from Bibb County Jail to ADOC custody. For example, the plaintiff filed his amended complaint on May 26, 2015,[1] doc. 16 at 4, some nine months, according to the ADOC's website,

---

[1] Because a prisoner proceeding *pro se* has virtually no control over the mailing of his pleading, it is deemed to be filed at the time the prisoner delivers the pleading to prison or jail officials to be mailed. *See Houston v. Lack*, 487 U.S. 266, 270-72 (1988). However, the plaintiff failed to date his amended complaint when he signed it. Doc. 16 at 4. Therefore, the record contains no information regarding the date the plaintiff gave his amended complaint to prison officials to

4

before his transfer to state custody on March 12, 2016.[2] The plaintiff has offered no explanation for why he did not seek leave to file a second amended complaint to set forth these additional facts during this nine month period. Moreover, the plaintiff does not allege that these facts were unknown to him when he filed his original amended complaint. Given that the plaintiff now recites nearly five pages worth of additional facts from "memory," *see* doc. 29 at 3, the plaintiff would face a difficult task to establish that these were facts not known to him. Therefore, to the extent the plaintiff's objections can be construed as a motion to amend the complaint, the motion is **DENIED**.

Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation, and the objections thereto, the magistrate judge's report is **ADOPTED** and the recommendation is **ACCEPTED**. The court **ORDERS** that the following claims are **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915A(b)(1)–(2): (1) the claims against the defendants in their official capacities for monetary relief; (2) the supervisory liability claims against Sheriff Keith Hannah; (3) the claims against Officer Christopher Poole; (4) the Fourteenth Amendment excessive force and conditions of confinement claims against Chief Jason Donner, Officer Tony Wyatt, Officer

---

mail. The court will therefore deem the plaintiff's amended complaint to have been filed on May 26, 2015, when it was received by the Clerk.

[2] *See* http://www.doc.state.al.us/InmateHistory.aspx .

Mindy Goodwin, and Kitchen Manager Mrs. Patsy based on his placement in a suicide cell in September 2013; and (5) the claims against Officer Patrick Poole for threats and verbal harassment.

The court further **ORDERS** that the following claims are **REFERRED** to the magistrate judge for further proceedings: (1) the Fourteenth Amendment excessive force claim against Officer Patrick Poole; (2) the Fourteenth Amendment excessive force claim against Officer Alexander Robinson; (3) the Fourteenth Amendment medical claims against Chief Arthur Harris and Officer Mindy Goodwin; and (4) the Fourteenth Amendment medical claim against Officer Catherine Crocker.

**DONE** the 26th day of September, 2016.

_____
**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE